UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO FERNANDO LIMON RODRIGUEZ,<br><br>Defendant. | No. 2:12-cr-00376-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Diego Fernando Limon Rodriguez's ("Defendant") Motion for Habeas Corpus Relief pursuant to 28 U.S.C. § 2241 ("§ 2241"). (ECF No. 92.) Defendant, proceeding *pro se*, filed his motion on August 12, 2019. (*Id.*) In his motion, Defendant contends that he is entitled to restoration of Good Conduct Time ("GCT") he lost due to a Discipline Hearing Officer ("DHO") conviction for violating Bureau of Prisons ("BOP") Code 228, Tattooing or Self-Mutilation, and 316, Being in an Unauthorized Area. (ECF No. 92 at 1–2.)

The Government filed a response on January 17, 2020. (ECF No. 98.) The Government argues that Defendant's habeas petition is not appropriately before this Court and requests the matter be transferred to the Western District of Pennsylvania because Defendant filed the petition while he was in custody at Moshannon Valley Correctional Center ("MVCC"), a privately-operated contract facility located in Philipsburg, Pennsylvania. (ECF No. 98 at 2.)

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 *in the custodial court*." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (emphasis added). Indeed, a court lacks jurisdiction to consider a § 2241 petition if the petitioner's custodian is outside of the court's territorial jurisdiction. *See Dunne v. Henman*, 875 F. 2d 244, 248–49 (9th Cir. 1989); *see also Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (concluding that "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change") (citation omitted).

Here, the Court finds it lacks jurisdiction to consider the merits of Defendant's petition. *See Dunne*, 875 F. 2d at 248–49. Defendant was required to file his petition in the jurisdiction where he was confined at the time of filing because he challenges the execution of his sentence pursuant to § 2241. *See Hernandez*, 204 F.3d at 864; *see also Howard v. Copenhaver*, No. 1:14-CV-00373-LJO, 2015 WL 404092, at *1 (E.D. Cal. Jan. 28, 2015) (citing *Young v. Kenny,* 907 F.2d 874, 876–78 (9th Cir. 1990)). It is undisputed that Defendant filed the petition while he was in custody at MVCC in Philipsburg, Pennsylvania under the supervision of Mr. Jonathan Kaminski, MVCC Senior Secure Institution Manager. (ECF No. 98 at 2.) As such, Defendant was required to file his petition in the Western District of Pennsylvania. *See, e.g.*, *Cantillanos-Medina v. United States*, No. 1:11-CR-00441-LJO, 2013 WL 2355508, at *2 (E.D. Cal. May 29, 2013).

For these reasons, the Court hereby TRANSFERS Defendant's Motion for Habeas Corpus Relief pursuant to 28 U.S.C. § 2241 (ECF No. 92) to the United States District Court for the Western District of Pennsylvania to determine whether the matter should proceed.

IT IS SO ORDERED.

DATED: April 7, 2020

Troy L. Nunley
United States District Judge